IN THE UNITED STATES DISTRICT FOR THE
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-MC-00091 |
| | § | |
| THOMAS CHRISTOPHER | § | |
| RETZLAFF, a/k/a DEAN | § | |
| ANDERSON, d/b/a BV FILES, VIA | § | |
| FILES, L.L.C., and VIAVIEW | § | |
| FILES, | § | |
| | § | |
| Defendant. | § | |

**MOTION TO QUASH SUBPOENA[1]**

Nonparty, United States of America hereby moves pursuant to Fed. R. Civ. P. 45 and 28 U.S.C. § 517 for an order quashing the subpoena for documents and deposition testimony of James McGibney filed by Defendant Thomas Christopher Retzlaff ("Defendant") on June 18, 2020 (Dkt. 182).[2]  Although, he date for compliance of this particular subpoena has passed, the history of this case indicates that the issues raised by the subpoena and discussed in this Motion are capable of repetition.  The United States urges this Court to rule on the motion to quash under the capable of repetition yet evading review standard.[3]

The subpoena seeks a wide range of communications, information and materials generated in connection with Mr. McGibney's work as a witness with the Federal Bureau of Investigation ("FBI").  The requested communications, information and materials are not

---

[1] On July 1, 2020, the Western District of Texas transferred this subpoena proceeding to the Eastern District of Texas based, in part, on the Court's familiary with the underlying litigation. Pursuant to Local Rule CV-7(j), the United States files this Motion to reurge its original motion to quash, which was transferred from the Western District of Texas.

[2] The Plaintiff issued a similar subpoena to the local prosecutor's office. *See Van Dyke v. Retzlaff,* Case No. 4:18-CV-247-ALM (Dkt. 173 and 180).  In this motion references to Dkt. Refer to Case No. 4:18-CV-247-ALM filed in the Eastern District of Texas.

[3] *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

relevant to the matters in issue, in this action.  Disclosure would divulge protected law enforcement information unrelated to the matters in issue in this action, including information concerning an FBI investigation of Defendant Retzlaff, as well as the identities and personal information of potential victims, witnesses and law enforcement personnel.  Additionally, the subpoena commands the production of documents and a deposition on June 23, 2020, just three business days after the subpoena was filed, severely prejudicing the ability of the government (and Mr. Gibney) to obtain relief from this Court.  For these reasons, discussed more fully below, the government respectfully requests that the Court quash the subpoena docketed as Document No. 182.[4]  Due to the severely limited time allowed by the subpoena and the imminent harm in compliance with the subpoena, the United States requests expedited consideration of this motion and an order either quashing the subpoena or relieving Mr. McGibney of any obligation under the subpoena until these issues can be resolved.  This motion is supported by the Declaration of FBI Special Agent Walker Wicevich, attached hereto as Exhibit A.

## BACKGROUND

On March 28, 2018, Plaintiff Jason Lee Van Dyke ("Plaintiff") filed suit against Defendant in the 431st State District Court of Texas.  On April 10, 2018, Defendant removed the case to federal court.  Plaintiff's claims revolve around allegedly harassing, false, and defamatory statements and publications made by Defendant about Plaintiff. (Dkt. 113)

Plaintiff alleges that on or around December 20, 2017, Defendant filed a frivolous grievance against him with the State Bar of Texas. *Id.*  Plaintiff states that on or around March 8, 2018, the website "BV Files" located on www.viaviewfiles.net ("BV Files") publically posted confidential information. *Id.*  Plaintiff alleges Defendant received this information in a letter from the Board of Disciplinary Appeals ("BODA") regarding Plaintiff's bar grievance. *Id.*

---

[4] The United States filed an Emergency Motion to Quash the subpoena (Dkt. 182) on June 22, 2020.  The United States Motion was denied without prejudice under Federal Rule of Civil Procedure 45. The United States should have filed the Motion to Quash in the Western District of Texas where performance was required. On June 23, 2020, the United States filed its Motion to Quash subpoena and Motion to Transfer the matter to the Eastern District. Case No. 1:20-MC-657-LY. On July 1, 2020, the Western District of Texas transferred the matter to this Court.

Plaintiff also alleges that Defendant posted content on BV Files accusing Plaintiff of being a Nazi, white supremacist, pedophile, drug addict, having a criminal record involving abusing women, and that he was involved in revenge pornography and unwanted sexual solicitations. *Id.* Plaintiff alleges Defendant emailed his employers at Karlseng, Leblanc & Rich, LLC, claiming Plaintiff was a Nazi, a white supremacist, and that he had a criminal record involving abuse of women.  Plaintiff alleges his employer subsequently terminated his position because of Defendant's emails. *Id.* Plaintiff accuses Defendant of sending him harassing emails. *Id.* Plaintiff alleges that Retzlaff and BV Files frequently target attorneys and other individuals who have previously assisted victims of revenge pornography, including the target of this subpoena, James McGibney. *Id.*

Defendant denies the claims and alleges Plaintiff plotted to assassinate him. (Dkt. 139.) Defendant argues that BV Files' content is protected speech immune from Plaintiff's defamation claims. *Id.*  Defendant also claims that Plaintiff is a limited-purpose public figure and not protected by his asserted defamation claims. *Id.* Neither Plaintiff's claims nor Defendant's defenses allege that James McGibney is involved in any way in this case.[5]

The FBI has an ongoing criminal investigation against Defendant Retzlaff involving allegations of computer-related crimes, including cyberstalking and online harassment. (Ex. 1, ¶ 2.) Mr. McGibney is a cooperating FBI witness in the ongoing criminal investigation against Defendant Retzlaff. (*Id.* ¶ 3.) The communications, information and materials exchanged between Mr. McGibney and the FBI, requested by this subpoena, relate to criminal investigations against Defendant Retzlaff and others. (*Id.* ¶ 4.) The FBI's ongoing investigation of Defendant Retzlaff includes communication, information and materials exchanged between Mr. McGibney and various state law enforcement agencies. *Id.*  The communications and materials exchanged between Mr. McGibney and the FBI include a host of nonpublic information about the FBI's activities related to Defendant Retzlaff and other individuals. (*Id.* ¶ 5.)  As confirmed by the FBI,

---

[5] Defendant and Mr. McGibney were involved in a separate, unrelated civil lawsuit in Tarrant County, Texas. *See McGibney v. Thomas Retzlaff*, Cause No. 067-270669-14.

disclosure would jeopardize FBI investigations into Defendant Retzlaff and others, and assist in evasion, by providing insight into law enforcement activities; how the investigations are being conducted and by whom; what information the FBI has in relation to the investigations; the techniques being used to gather the information; the identities and personal information concerning sources, witnesses, victims, and law enforcement agents; and more. (*Id.* ¶ 5.)  As also confirmed by the FBI, disclosure would subject the individuals identified in the materials to potential harassment and reprisal, and hinder the FBI's investigations. (*Id.* ¶ 6.)

On June 12, 2018, the FBI executed a search warrant at Defendant Retzlaff's residence in El Mirage, Arizona. (*Id.* ¶ 7.)  While executing the search warrant, the FBI seized numerous pieces of evidence including a computer.  Defendant Retzlaff was present while the FBI searched his residence.  During execution of the search warrant, Defendant Retzlaff asked an FBI agent if Mr. McGibney was behind the search warrant.  The agent did not share any details of the investigation with Defendant. (*Id.* ¶ 9.)

On June 18, 2020, in connection with this unrelated civil action, Defendant Retzlaff filed Mr. McGibney with a Notice of Issuance of Subpoena and Notice of Deposition Duces Tecum (Dkt. 182.) (the "Subpoena").  The Subpoena commands Mr. McGibney produced records and attend a deposition on June 23, 2020. The Subpoena encompasses law enforcement investigations of Defendant Retzlaff; investigative methods and techniques, the identities and PII of nonparty victims, witnesses and law enforcement officials, and law enforcement activities:

> All communication, emails and material exchanged between Mr. McGibney and all law enforcement, including the F.B.I and Special Agent Walker Wicevich. *See* (Dkt. 182-1, ¶ ¶ 11, 12, & 13).

> All communication, emails and material exchanged between Mr. McGibney and the F.B.I concerning Mr. Van Dyke. *See* (Dkt. 182-1, ¶ ¶ 12 & 13).

> All communication, emails and material exchanged between Mr. McGibney and the F.B.I showing how Defendant was associated with the BV Files blog. *See* Dkt. (182-1, ¶ ¶ 2, 3, 12 & 13).

> All documents pertaining to any technical, scientific, or investigative methods used to determine Defendant is associated with the "BV Files" blog located at www.ViaViewFiles.net. *See* (Dkt. 182-1, ¶ 4).

> All communication, emails and material reflecting any surveillance activities performed or supported by Mr. McGibney on Defendant or any of his family members. *See* (Dkt. 182-1, ¶ 15).

> All communication, emails and material exchanged between Mr. McGibney and Philip Klein, Brittany Retzlaff, and Collin Retzlaff. *See* (Dkt. 182-1, ¶ ¶ 8-10).

> All communication, emails and material exchanged between Mr. McGibney and all law enforcement. *See* (Dkt. 182-1, ¶ 13).

In addition to allowing only three business days for compliance from the date of service, the Subpoena comes three business days before this action's discovery deadline.

## ARGUMENT

Under 28 U.S.C. § 517, "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."  The government files this motion to protect its substantial interests implicated by the Subpoena.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies," Fed. R. Civ. P. 45(d)(3)(A)(iii); *Whole Woman's Health v. Smith,* 896 F.3d 362, 374 (5th Cir. 2018), *as revised* (July 17, 2018), *cert. denied sub nom. Whole Woman's Health v. Texas Catholic Conference of Bishops,* 139 S. Ct. 1170, 203 L. Ed. 2d 198 (2019) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004)). Additionally, subpoenas are subject to the relevance and proportionality standards set forth in Fed. R. Civ. P. 26.  *See, e.g., MetroPCS v. Thomas*, No. 3:18-MC-29-K-BN, 2018 WL 2933673, at *9 (N.D. Tex. June 12, 2018); *Whitley v. Pinnacle Entm't, Inc.*, No. CV 15-595-BAJ-RLB, 2016 WL 6154938, at *2 (M.D. La. Oct. 21, 2016). *Rodriguez v. Bryan Truck Line, Inc.*, SA-17-

CV-1103-XR, 2018 WL 7348032, at *2 (W.D. Tex. Sept. 18, 2018).  Discovery is limited to non-privileged matters that are both relevant to the claims or defenses and, additionally, proportional to the needs of the case, taking into account, *inter alia,* the importance of the discovery in resolving the issues and whether the burden of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).   Where good cause exists, a court may enter an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(l).  The Court may, *inter alia,* forbid the discovery, limit the scope of discovery, and/or require the discovery to be taken in a different manner than that chosen by the party seeking discovery. *See* Fed.R.Civ.P. 26(c)(l)(A-H); *see also Robinson v. City of Philadelphia*, 233 F.R.D. 169, 171 (E.D. Pa. 2005) (denying deposition of plaintiff regarding her conversations with the FBI); *Cofield v. City of LaGrange, Ga.*, 913 F. Supp. 608, 611-618 (D.D.C. 1996) (denying access to sensitive governmental information).

First, the information subject to the Subpoena is not relevant to the matters in issue in this litigation.  This is a defamation action having nothing to do with Mr. McGibney or the FBI, Mr. McGibney's work as a witness with the FBI, or any law enforcement investigations of Defendant Retzlaff or others.  None of the requested information bears on the claims or defenses in this action.  Instead, the subpoena seeks information concerning the FBI's criminal investigation of Defendant Retzlaff, the FBI's execution of a search warrant upon Defendant Retzlaff, what Mr. Retzlaff believes is Mr. McGibney's role in that investigation and search warrant, Mr. McGibney's role in other criminal and civil matters, and identities and related information of victims, witnesses and law enforcement agents.  The subpoena is directed to apparent personal matters between Defendant Retzlaff and Mr. McGibney unconnected to the factual and legal issues in this action, and to obtaining protected information about the FBI's activities and ongoing investigation of Defendant Retzlaff and others.

Second, the information subject to the subpoena is nonpublic protected law enforcement information, the disclosure of which would cause substantial harm.  Encompassed by the subpoena are materials and information generated in connection with FBI investigations of

Defendant Retzlaff and others.  The materials give a picture of information received by the FBI in connection with investigations; steps taken in the investigations; how the investigations are being conducted and by whom; what information the FBI has in relation to the investigations; the techniques being used to gather the information; and the identities and personal information of sources, witnesses, victims, and law enforcement agents.  Disclosure would provide the target of an FBI investigation unprecedented insight, would jeopardize the FBI's activities, and would subject individuals to potential harassment and reprisal. The harm in disclosure is substantial. The Fifth Circuit recognizes that information relating to pending law enforcement investigations is privileged and shielded from disclosure in civil matters such as this one. *In re United States Dep't of Homeland Sec.,* 459 F.3d 565, 570 (5th Cir. 2006).

Last, the timing of the Subpoena is highly prejudicial.  The Subpoena allows three business days for compliance.  Rule 45 provides that the district court shall quash or modify a subpoena where, as here, the subpoena does not allow a reasonable time to comply.  Fed. R. Civ. P. 45(d)(3)(A)(i); *Hamilton v. Ochsner Health Sys., Inc.*, CIV.A. 12-1398, 2012 WL 6725609, at *3 (E.D. La. Dec. 27, 2012).  "[S]erving a subpoena for a deposition five calendar days before … the commanded deposition fails to allow a reasonable time to comply." *Traut v. Quantum Servicing, LLC,* 3:18-MC-14-D-BN, 2018 WL 1035134, at *9 (N.D. Tex. Feb. 23, 2018.).  Here, Defendant filed the subpoena three business days before the commanded deposition on the last day set for discovery in this action.

## CONCLUSION

For all the foregoing reasons, the United States requests that the Court quash the Subpoena.  Due to the insufficient time allowed by the Subpoena and imminent harm in compliance with the Subpoena, the United States also requests expedited consideration of this motion and, if necessary, an order relieving Mr. McGibney of any obligation under the subpoena until such time as the Court may decide whether to quash the Subpoena.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

/s/ *Aimee M. Cooper*
Aimee M. Cooper
Assistant U.S. Attorney
Lead Attorney
Texas Bar No. 24061167
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 943-3597
Telefax: (972) 509-1209
aimee.cooper@usdoj.gov

**ATTORNEYS FOR THE
UNITED STATES OF AMERICA**

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 22, 2020, Assistant United States Attorney Aimee Cooper conferred with Defendant's counsel, Jeffrey Dorrell who opposes the motion, at least in part. Counsel for the Defendant represented that he did not concur with the motion but, that he would "stipulate that we are not seeking documents relating to McGibney's acting as a witness in matters unrelated to Retzlaff.  But McGibney's history of making false statements and using FBI complaints to retaliate against his hatred enemy Retzlaff are relevant to McGibney's as a witness against Retzlaff."

/s/ *Aimee M. Cooper*
Aimee M. Cooper

## CERTIFICATE OF SERVICE

I certify that on this 7th day of July, 2020, a true copy of this motion with attachments was served on all counsel of record by way of the Court's CM/ECF system.

/s/ *Aimee M. Cooper*
Aimee M. Cooper