**IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF TEXAS,
SHERMAN DIVISION**

| | | |
|---|---|---|
| **JASON LEE VAN DYKE**, | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | |
| **THOMAS CHRISTOPHER** | § | **NO. 4:20-MC-00091** |
| **RETZLAFF, a/k/a DEAN** | § | |
| **ANDERSON, d/b/a BV FILES, VIA** | § | |
| **VIEW FILES, L.L.C., and VIAVIEW** | § | |
| **FILES,** | § | |
| *Defendants* | § | |

### RETZLAFF'S OPPOSITION TO NONPARTY UNITED STATES OF AMERICA'S MOTION TO QUASH SUBPOENA OF JAMES MCGIBNEY

Retzlaff files this response in opposition to nonparty United States of America's motion to quash (Doc. 27) Retzlaff's subpoena for the deposition of nonparty witness James McGibney and documents in McGibney's possession.

### I. FACTS

1.     The United States is not a party to the case at bar and has not intervened.  The witness Retzlaff seeks to depose, James McGibney, is also not a party.

2.     Because of McGibney's numerous active attempts to evade service of Retzlaff's subpoena, the subpoena to which the United States' objects was never served.  Therefore, McGibney was never under any obligation to appear.

3.     The unserved subpoena to which the United States' objects (Doc. 182) would have compelled McGibney to appear on a date that has now passed. The motion is now moot.

## II. ARGUMENT & AUTHORITIES

4.    The United States is in all legal respects a complete stranger to the case at bar.  The United States is merely an officious intermeddler attempting to inject itself as a movant into a dispute in which it has no cognizable legal interest.

### A. 28 U.S.C. § 517

5.    The United States claims that a "substantial interest implicated by the Subpoena" justifies its intrusion under 28 U.S.C. § 517.  (Doc. 27, p. 5.) Section 517 allows a U.S. Attorney to "attend to the interests of the United States" in a federal suit.  However, nothing in § 517 gives the U.S. Attorney free reign "to appear and submit argument in any case in which the United States articulates a generic interest. *See Oscar Ins. Co. of Fla. v. Blue Cross Blue Shield of Fla., Inc*., 2019 WL 5202091, at *1 n.1 (M.D. Fla. 2019); *United States ex rel. Ruckh v. Salus Rehab*., 2017 WL 1495862, at * 1 (M.D. Fla. 2017).

6.    Congress has identified various circumstances in which the United States is empowered to intervene in a federal suit, such as, for example, an action that questions the constitutionality of an "Act of Congress affecting the public interest."  28 U.S.C. § 2403(a).  The clarity with which Congress establishes elsewhere the right to participate in an action belies the assumption that Congress concealed in an organizational chapter of Title 28 a broad, general right to file a motion to quash a deposition, or to intervene-in-fact without actually intervening. The United States has failed to articulate an interest sufficient to give it standing to obtrude. The Court should not abide.

*Van Dyke v. Retzlaff*
Retzlaff's Opposition to the United States of America's Motion to Quash Retzlaff's Subpoena of James McGibney

2

## B. Fed. R. Civ. P. 45

6.     "In our judicial system, 'the public has a right to every man's evidence.'" ***Trump v. Vance***, 591 U.S. ___, ___, 2020 WL 3848062, at * 4 (July 9, 2020).

> **In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to cross-examine adverse witnesses.**

***Goldberg v. Kelly***, 397 U.S. 254, 269 (1970).

> **Where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy, [the individual's right to show that it is untrue depends on the rights of confrontation and cross-examination].**

***Brock v. Roadway Exp., Inc***., 481 U.S. 252, 276 (1987) (Stevens, dissenting in part), quoting ***Greene v. McElroy***, 360 U.S. 474, 496-97 (1959); *see also* ***Goldberg***, 397 U.S. at 269 (right of confrontation of witnesses is not limited to criminal cases).

7.     The United States claims the FBI has an "ongoing criminal investigation against Retzlaff" in which McGibney is allegedly a witness.  (Doc. 27, pp. 5-6.)  The United States dramatically claims that Retzlaff's deposition of McGibney would cause divulgence of "protected law enforcement information unrelated to that matter at issue in this action, including information of potential victims, witnesses, and law enforcement personal."  (Doc. 27, p. 2.)  How the United States claims to know (i) what documents McGibney possesses; (ii) what questions Retzlaff would ask in a deposition; and (iii) what answers McGibney

would give—and that *none* of these would be "relevant to the matter at issue in this action"—is never explained.  And the United States seems to overlook that, since a witness's credibility is *always* relevant, Retzlaff has the right to depose McGibney is only to impeach his credibility.  A witness may be cross-examined on any issue that is probative of his credibility.  *See, e.g., Torres v. Danny's Serv. Co.*, 266 S.W.3d 485, 487 (Tex. App.—Eastland 2008, pet. denied).

8.      The claimed prescience of the United States notwithstanding, Retzlaff has the right to depose a person with knowledge of relevant facts, as *Van Dyke* identified McGibney to be.  To deny Retzlaff this right would be to infringe upon Retzlaff's Fifth and Fourteenth Amendment rights to procedural due process, among others.

9.      The United States invokes FED. R. CIV. P. 45(d)(3)(A)(iii) to demand that the Court quash Retzlaff's deposition subpoena to McGibney because it "encompasses law enforcement investigations of Defendant Retzlaff; investigative methods and techniques, the identities and PII (sic) of nonparty victims, witnesses  and law enforcement officials, and law enforcement activities." (Doc. 27, p 4.)  But the United States somewhat disingenuously implies that Retzlaff has issued a subpoena to *the FBI* for its documents or investigation files. Retzlaff has not.  McGibney is not now, and never has been, has an employee of the FBI or any law enforcement agency.  Retzlaff merely seeks to depose an identified fact witness against him in this $100,000,000 libel defamation suit.

10.    If the FBI has burbled out its sensitive investigation techniques, targets, activities, and secret documents to a non-FBI layperson who happens to be a witness in a civil case (McGibney), then the FBI is the author of its own misery. The cure for such a cavernously foolish act would be for the FBI to exercise better judgment in disseminating its documents and information in the future.  But the cure would certainly *not* be for the United States of America to intrude in a civil case to deprive a defendant of the right to discover the knowledge of a witness the *plaintiff* has designated as having relevant facts.

### III. CONCLUSION

11.    The United States has no general right to insert itself into the case at bar for the purpose of interfering in discovery by the defendant of a witness the plaintiff has identified as having knowledge or relevant facts.

### IV. PRAYER

12.    For these reasons, defendant Thomas Retzlaff prays the Court to deny the United States' motion to quash and issue an order compelling McGibney to appear for deposition at a time and place of his convenience within 30 days of the date the Court signs its order.  Retzlaff prays for such other and further relief, at law or in equity, as to which Retzlaff shall show himself justly entitled.

Respectfully submitted,

# HANSZEN ✦ LAPORTE

By: _____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**
Texas Bar No. 00787386
Federal ID #18465
jdorrell@hanszenlaporte.com
14201 Memorial Drive
Houston, Texas 77079
Telephone 713-522-9444
FAX: 713-524-2580
**ATTORNEYS FOR DEFENDANT THOMAS RETZLAFF**

*Van Dyke v. Retzlaff*
Retzlaff's Opposition to the United States of America's Motion to Quash Retzlaff's Subpoena of James McGibney

6

## CERTIFICATE OF SERVICE

I certify that on _____7-21_____, 2020, the foregoing was electronically filed using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Eastern District of Texas, Sherman Division.

      Mr. Jason Lee Van Dyke
      Plaintiff, Pro Se
      P.O. Box 2618
      Decatur, Texas 76234
      Telephone: 940-305-9242
      jasonleevandyke@gmail.com

_____/s/ Jeffrey L. Dorrell_____
**JEFFREY L. DORRELL**

*Van Dyke v. Retzlaff*
    Retzlaff's Opposition to the United States of America's Motion to Quash Retzlaff's Subpoena of James McGibney

7