IN THE UNITED STATES DISTRICT FOR THE
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON LEE VAN DYKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:20-MC-00091 |
| | § | |
| THOMAS CHRISTOPHER RETZLAFF, a/k/a DEAN ANDERSON, d/b/a BV FILES, VIA FILES, L.L.C., and VIAVIEW FILES, | § § § § § | |
| | § | |
| Defendant. | § | |

**UNITED STATES OF AMERICA'S REPLY TO RETZAFF'S OPPOSITION TO NONPARTY UNITED STATES OF AMERICA'S MOTION TO QUASH SUBPOENA OF JAMES MCGIBNEY[1]**

Plaintiff Jason Lee Van Dyke ("Van Dyke" or "Plaintiff") and Defendant Thomas Christopher Retzlaff ("Retzlaff" or "Defendant") have been engaged in contentious litigation spanning from Texas state courts to the United States Supreme Court for years. The acrimony developed from this years-long war has seemingly seeped into Retzlaff's Response in Opposition to the United States Motion to Quash (the "Response"). Hoping to obtain discovery that at least one court has already denied him, Retzlaff suggests the United States is merely an "officious intermeddler" whose "cavernously stupid act" makes it the "author of its own misery." As Steve William Liable said, "hope is not a strategy," and setting Retzlaff's histrionics aside, the law supports granting the United States' Motion.

Congress could not have been more clear when enacting 28 U.S.C. § 517 which states, in one complete sentence, "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the

---

[1] On July 1, 2020, the Western District of Texas transferred this subpoena proceeding to the Eastern District of Texas based, in part, on the Court's familiarity with the underlying litigation. Pursuant to Local Rule CV-7(j), the United States filed its Motion to reurge its original motion to quash, which was transferred from the Western District of Texas.

interests *of the United States* in a suit pending in court of the United States, or in a court of a State, or to attend any other interest *of the United States*." Interests of the United States are broad and certainly include protecting the interests of its agencies including the Federal Bureau of Investigation ("FBI").[2]

In the Response, Retzlaff attempt to avoid 28 U.S.C. § 517 by arguing that the United States should not be allowed to participate in this matter because it is merely asserting a generic interest. This argument is not consistent with the law or facts. Primarily, as set forth in the Declaration of Walker Wicevich, the FBI has an ongoing investigation into Retzlaff based on allegations of computer-related crimes, including cyberstalking and online harassment.[3] Wicevich, the agent investigating Retzlaff, explains in his declaration that Retzlaff's subpoena threatens that ongoing investigation. This concern is anything but generic and clearly distinguishable from the cases Retzlaff cites in the response. First, the Middle District of Florida allowed the United States to submit briefing and participate in oral argument in *Oscar Ins. Co. of Fla. v. Blue Cross Blue Shield of Fla., Inc.*, 413 F.Supp.3d 1198, 1200 n.1 (M.D. Fla. 2019). In that case, the United States' interest was in ensuring the correct application of federal antitrust laws, which is a far more general interest than asserted here. Similarly, *United States ex rel. Ruckh v. Salus Rehab.*, Case No. 8:11-cv-1303-T-23TMB, 2017 WL 1495862 (M.D. Fla. Apr. 29, 2017), does not counsel against the United States' participation here. The ruling in *Salus* is based, in part, on the fact the relator could have adequately protected the United States' interest and that allowing a statement of interest would "impermissible circumvent the narrow role prescribed in Section 3730(c)(3) [of the False Claims Act.]" *Salus*, 2017 WL 1495862, *2. Neither of these concerns is present in this case.

Contrary to Retzlaff's characterization, the United States is not an "officious intermeddler" in this matter. The United States would be more than happy to extricate itself from

---

[2] 28 U.S.C. § 517 (*emphasis added*).

[3] Wicevich Decl. ¶ 2.

this litigation, if Retzlaff would stop inviting us to participate by continuing to request the oral deposition of an FBI witness to include demanding the FBI witness to produce the following documents:

> All communication, emails and material exchanged between Mr. McGibney and all law enforcement, including the F.B.I and Special Agent Walker Wicevich. *See* (Dkt. 182-1, ¶ ¶ 11, 12, & 13).
>
> All communication, emails and material exchanged between Mr. McGibney and the F.B.I concerning Mr. Van Dyke. *See* (Dkt. 182-1, ¶ ¶ 12 & 13).
>
> All communication, emails and material exchanged between Mr. McGibney and the F.B.I showing how Defendant was associated with the BV Files blog. *See* Dkt. (182-1, ¶ ¶ 2, 3, 12 & 13).
>
> All documents pertaining to any technical, scientific, or investigative methods used to determine Defendant is associated with the "BV Files" blog located at www.ViaViewFiles.net. *See* (Dkt. 182-1, ¶ 4).
>
> All communication, emails and material reflecting any surveillance activities performed or supported by Mr. McGibney on Defendant or any of his family members. *See* (Dkt. 182-1, ¶ 15).
>
> All communication, emails and material exchanged between Mr. McGibney and Philip Klein, Brittany Retzlaff, and Collin Retzlaff. *See* (Dkt. 182-1, ¶ ¶ 8-10).
>
> All communication, emails and material exchanged between Mr. McGibney and all law enforcement. *See* (Dkt. 182-1, ¶ 13).

The United States' motion clearly states that the United States is asserting itself a non-party for the purposes of obtaining an order to quash the subpoena for documents and the deposition testimony of James McGibney *filed* by Defendant on June 18, 2020.[4] The United States' motion recognizes the date for compliance passed but urges a ruling by this Court based the history of Retzlaff's repetitive request for communications, information and materials

---

[4] *See* (Dkt. 182). The Plaintiff issued a similar subpoena to the local prosecutor's office. *See Van Dyke v. Retzlaff,* Case No. 4:18-CV-247-ALM (Dkt. 173 and 180). In this motion references to Dkt. Refer to Case No. 4:18-CV-247-ALM filed in the Eastern District of Texas. *Emphasis added.*

generated in connection with the Federal Bureau of Investigation ("FBI") witness, Mr. James McGibney.[5] Contrary to Retzlaff's arguments, the requested communications, information and materials are not relevant to the matters in issue, in this action.[6] As supported by Agent Walker Wicevich's affidavit[7] disclosure would divulge protected law enforcement information that is unrelated to the matters in issue, in Defendant's pending litigation. This includes any information concerning an FBI investigation of Retzlaff, as well as the identities and personal information of potential victims, witnesses and law enforcement personnel.

Although the date for compliance on the Subpoena has past, Defendant's subsequent actions reinforce the United States' position that the issues raised by the subpoena and discussed in the United States of America's Motion to Quash are capable of repetition yet evading judicial review and therefore the Motion should not be denied as moot. On July 2, 2020, the Defendant noticed the oral deposition of James McGibney and requested the production of documents in the District Court for the 431st Judicial District in Denton County, Texas.[8] The July 2, 2020, notice and request for production of documents, is the exact same notice and request for deposition that is pending before this Court in 4:20-MC-00091.[9]

Although, not binding on this Court, the District Court for the 431st Judicial District granted the United States motion to quash the oral deposition of James A. McGibney and request for production of documents on July 13, 2020.[10] Additionally, on July 13, 2020, the District Court for the 431st Judicial District granted James McGibney's motion to quash the subpoena for

---

[5] *See* (Dkt. 188); 4:20-MC-00091.

[6] *Id.*

[7] *See* (Dkt. 182).

[8] Attachment A.

[9] *Id.*

[10] Attachment B.

the deposition *duces tecum* and motion for protective order.[11] In doing so, the court held that no further subpoenas, either for trial or discovery by either party would be issued for James McGibney (or his spouse) except by order of the court.[12] Furthermore, the court granted the motion to quash the subpoena for GoDaddy.com L.L.C. and issued a protective order that forbid any subpoenas, either for trial or discovery by either party for GoDaddy.com L.L.C except for order by the court.[13]

The United States urges this Court to rule on the motion to quash because Retzlaff's efforts to obtain documents relating to the ongoing FBI investigation are capable of repetition, yet may evade review.[14] The United States of America has standing, pursuant to 28 U.S.C. § 517 to attend to the interest of the U.S. in suits pending in courts of the U.S. The United States filed the motion to quash to protect its substantial interests that are clearly implicated by the Subpoena.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY
EASTERN DISTRICT OF TEXAS

---

[11] Attachment C.

[12] *Id.*

[13] *Id*.

[14] *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).


/s/ *Aimee M. Cooper*
Aimee M. Cooper
Assistant U.S. Attorney
Lead Attorney
Texas Bar No. 24061167
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone: (972) 943-3597
Telefax: (972) 509-1209
aimee.cooper@usdoj.gov

**ATTORNEYS FOR THE
UNITED STATES OF AMERICA**

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of July, 2020, a true copy of this motion with attachments was served on all counsel of record by way of the Court's CM/ECF system.

/s/ *Aimee M. Cooper*
Aimee M. Cooper